UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 11-cr10252 |
| | ) | |
| v. | ) | |
| | ) | |
| 1. WEI XING CHEN | ) | VIOLATIONS: |
|    a/k/a "Ah-Hung" | ) | |
|    a/k/a "Lo Biu" | ) | 21 U.S.C. § 846 - |
|    a/k/a "Lo Gai" | ) | Conspiracy to Distribute and Possess |
| 2. YUE Q. HE | ) | with Intent to Distribute MDMA and |
|    a/k/a "Ah-Kay" | ) | BZP |
|    a/k/a "Ah-Ken" | ) | |
| 3. XIAOHONG XUE | ) | 21 U.S.C. § 841(a)(1) - |
|    a/k/a "Tina" | ) | Distribution of and Possession of with |
| | ) | Intent to Distribute BZP |
| Defendants. | ) | |
| | ) | 18 U.S.C. § 2 - |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | 18 U.S.C. § 371 - |
| | ) | Conspiracy to Violate the Mann Act |
| | ) | |
| | ) | 21 U.S.C. § 853(a) - |
| | ) | Drug Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 2428(a) - |
| | ) | Criminal Forfeiture Allegation |

## INDICTMENT

COUNT ONE:    (21 U.S.C. § 846 - Conspiracy To Distribute and Possess with Intent to Distribute MDMA and BZP)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about August 2008, and continuing thereafter until at least in or about October 2008, at Boston, and elsewhere in the District of Massachusetts, in the Southern District of New York, and elsewhere,

**1. WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai"**
**2. YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken"**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the grand jury, to distribute and possess with intent to distribute 3,4-methylenedioxymethamphetamine, a/k/a "MDMA," a/k/a "ecstasy," a Schedule I controlled substance, and 1-benzylpiperazine, a/k/a "BZP," a/k/a "ecstasy," a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:       (21 U.S.C. § 841(a)(1) - Distribution of 1-Benzylpiperazine;
                 18 U.S.C. § 2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about September 13, 2008, at Boston, in the District of Massachusetts,

**2. YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken"**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute 1-benzylpiperazine, a/k/a "BZP," a/k/a "ecstasy," a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT THREE: (18 U.S.C. § 371 - Conspiracy To Violate the Mann Act)

The Grand Jury further charges that:

From a date unknown to the grand jury but at least in or about January 2009, and continuing thereafter until at least in or about June 2011, at Boston, Cambridge, and Allston, and elsewhere in the District of Massachusetts, and elsewhere,

1. **WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai"**
2. **YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken"**
3. **XIAOHONG XUE a/k/a "Tina"**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the grand jury, to persuade, induce, entice, and coerce individuals to travel in interstate and foreign commerce, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(a).

### Object of the Conspiracy

An object of the conspiracy was to make substantial sums of money through the recruitment and exploitation of women in furtherance of a brothel business that offered the women for prostitution and sexual activity for which a person can be charged with a criminal offense.

### Manner and Means of the Conspiracy

1. It was part of the conspiracy that members of the conspiracy placed advertisements offering prostitution and other services of the women.

2. It was further part of the conspiracy that members of the conspiracy rented apartments at several locations in Boston and Cambridge, Massachusetts, including but not limited to 108

2nd Street, Cambridge, 171 Everett Street, Allston, 185 Charles Street, Cambridge, and 87 Gore Street, Cambridge, Massachusetts, to serve as locations for their prostitution business (hereinafter, the "brothels").

3. It was further part of the conspiracy that members of the conspiracy arranged, scheduled and assisted women with their travel to and from other states in the United States and other countries, to and from the Commonwealth of Massachusetts, for the purpose of prostitution.

4. It was further part of the conspiracy that members of the conspiracy offered and facilitated the offering at the brothels of prostitution and sexual activity for which a person can be charged with a criminal offense.

Overt Acts in Furtherance of the Conspiracy

During and in furtherance of the conspiracy, one or more of the conspirators committed one or more of the following overt acts, among other overt acts:

5. On or about October 14, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," spoke to Jane Doe #1 by telephone to persuade, induce, entice and coerce her to travel to Massachusetts to engage in prostitution.

6. On or about October 15, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," transported the defendant XIAOHONG XUE a/k/a "Tina" to Logan Airport in Boston, Massachusetts, to travel to another state to engage in prostitution.

7. On or about October 16, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," spoke to Jane Doe #2 by telephone to persuade, induce, entice and coerce her to travel to Massachusetts to engage in prostitution.

8. On October 16, 2010, at 12:00 a.m., the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai" directed and instructed the defendant YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken," to pay the bill for advertisements for prostitution and other services offered by the co-conspirators, and the defendant YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken," agreed to do so.

9. On or about October 17, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," picked up Jane Doe #2 at South Station in Boston, Massachusetts, and drove her to one of the brothels.

10. On or about October 21, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," picked up Jane Doe #1 at South Station in Boston, Massachusetts, and drove her to one of the brothels.

11. On or about October 22, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," persuaded, induced, enticed, and coerced Jane Doe #3 to travel from Massachusetts to another state to engage in prostitution, and arranged for Jane Doe #3 to speak to a brothel operator in another state to arrange for her to work at the out-of-state brothel.

12. On or about October 23, 2010, XIAOHONG XUE a/k/a "Tina" persuaded, induced, enticed, and coerced Jane Doe #4, who was from China, to engage in prostitution, in part by brainwashing Jane Doe #4, so that Jane Doe #4 would be available to work at the brothels.

13. On or about October 29, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," directed and instructed a person known to the grand jury to transport Jane Doe #5, a woman engaged in prostitution, from one brothel to another.

14. On or about October 29, 2010, the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," spoke to Jane Doe #6 by telephone to persuade, induce, entice and coerce her to travel to Massachusetts to engage in prostitution.

15. On or about October 31, 2010, the defendants YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken," at the direction and instruction of the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," picked up Jane Doe #7 at South Station in Boston, Massachusetts, and drove her to one of the brothels.

16. On or about November 3, 2010, the defendant XIAOHONG XUE a/k/a "Tina," at the direction and instruction of the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," traveled from another state to Massachusetts to engage in prostitution at the brothels.

17. On or about November 28, 2010, a person known to the grand jury, at the direction and instruction of the defendant WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai," moved women engaged in prostitution and other property used in the brothels from one brothel location to another.

All in violation of Title 18, United States Code, Section 371.

DRUG FORFEITURE ALLEGATION: (28 U.S.C. § 853 -- Criminal Forfeiture.)

The Grand Jury further alleges that:

1. Upon conviction of the offenses alleged in Counts One and Two of this indictment,

   **1. WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai"**
   **2. YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken"**

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. § 853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:

    a.     A money judgment equal to the total amount of gross drug proceeds.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third party;
    (c) has been placed beyond the jurisdiction of the Court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to 21 U.S.C. §853(p), intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in paragraph 1.

All pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

CRIMINAL FORFEITURE ALLEGATION: (18 U.S.C. § 2428(a) -- Criminal Forfeiture.)

The Grand Jury further alleges that:

1. Upon conviction of the offense alleged in Count Three of this indictment,

**1. WEI XING CHEN a/k/a "Ah-Hung," a/k/a "Lo Biu," a/k/a "Lo Gai"**
**2. YUE Q. HE a/k/a "Ah-Kay," a/k/a "Ah-Ken"**
**3. XIAOHONG XUE a/k/a "Tina"**

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a): (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the Court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in paragraph 1.

All pursuant to Title 18, United States Code, Section 2428(a), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
TIMOTHY E. MORAN
RICHARD L. HOFFMAN
ASSISTANT U.S. ATTORNEYS


DISTRICT OF MASSACHUSETTS; June 30, 2011.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK
6/30/11  1:15 pm

10