UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>)<br>WEI XING CHEN                               )<br>)<br>             Defendant.                         ) | Criminal No. 11-10252-NMG |

**PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS
IN PARTIAL SATISFACTION OF MONEY JUDGMENT**

**GORTON, D.J.**

WHEREAS, on August 16, 2012, a federal grand jury sitting in the District of Massachusetts returned a four-count Superseding Indictment, charging Wei Xing Chen (the "Defendant"), with Conspiracy To Possess with Intent to Distribute and To Distribute BZP, in violation of 21 U.S.C. § 846 (Count One), Possession with Intent to Distribute and To Distribute BZP, in violation of 21 U.S.C. § 841(a)(1) (Count Two), Conspiracy to Violate the Mann Act, in violation of 18 U.S.C. §§ 371, and 2422(a) (Count Three), and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Four);

WHEREAS, the Indictment also included a Drug Forfeiture Allegation, providing notice that the United Stated intended to seek the following property:

   a. a money judgment equal to the total amount of gross drug proceeds.

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which

cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on July 9, 2013, this Court issued an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant in the amount of $8,000 in United States currency (the "Money Judgment"), pursuant to 21 U.S.C. § 853, and the United States is entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed that of the Money Judgment, in whole or in part;

WHEREAS, the United States has identified the following property that is subject to forfeiture:

      a. $3,000 in United States currency in Wei Xing Chen's inmate trust account (the "Property); and

WHEREAS, pursuant to the Money Judgment and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture of Substitute Assets in Partial Satisfaction of Money Judgment against the Property, and such Preliminary Order of Forfeiture should authorize the United States Marshals Service to seize the Property, and to maintain the Property in its secure custody and control.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(p).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Property and maintain it in its secure custody

and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment and notice of the United States' intent to dispose of the Property.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

5. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(1), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, pursuant to 21 U.S.C. § 853(n)(1), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
United States District Judge

Dated: 9/22/17